UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dwayne Williams, #210460, | ) | C/A No. 6:07-3992-TLW-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Report and Recommendation** |
| vs. | ) | |
| | ) | |
| Samuel B. Glover; Robert M. Steward; | ) | |
| John or Jane Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

The plaintiff, Dwayne Williams ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Tyger River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names government employees as defendants.[2] The complaint alleges violation of the equal protection, due process and ex post facto clauses of the U. S. Constitution in relation to failure to provide a parole hearing and application of a 1994 state sex offender registry law to Plaintiff's 1993 conviction for kidnaping. Plaintiff seeks monetary damages, as well as declaratory relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted against the defendants.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the

2

pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

The complaint raises issues based on Plaintiff's lack of a parole hearing for a few years and his placement on the state sex offender registry. The complaint states Plaintiff was "deprived of a liberty interest for (4) four years before he was able to get back his parole date." Compl. at 3. The allegations against Defendant Glover state "Samuel B. Glover's agency[3] committed an ex-post facto clause violation, when they applied a 1982 non-violent offense retroactively toward's a 1986 omnibus crime act." Compl. at 3. Similarly, the complaint alleges "Robert M. Steward's agency's[4] arbitrarily entered the

---

[3] The Court notes that Defendant Glover is the Director of the S. C. Department of Probation, Parole and Pardon Services. This Court may take judicial notice of a fact that is "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." F.R.E. Rule 201(b).

[4] The Court notes that Robert M. Stewart is the former Chief of the South Carolina Law Enforcement Division, which includes the South Carolina Sex Offenders registry on the agency website. Although Plaintiff spelled the last name incorrectly, from the allegations in the complaint, he clearly intended to sue the former SLED chief.

plaintiff's name and face on the world-wide internet" apparently referring to Plaintiff's inclusion on the state sex offender registry based on Plaintiff's kidnapping charge.[5] Compl. at 4.  The complaint alleges Defendant Steward failed to provide notice and a hearing prior to placing him on the sex offender registry and violated the ex post facto clause "when he applied a 1993 - kidnapping offense, retroactively toward's a 1994 - sex offender registry law, which was not in existense in 1993."  Compl. at 5.  The complaint alleges Defendant John or Jane Doe "deprived plaintiff of his 6th Amendment right to a trial" based on the allegation that the unknown individual "planted a warrant number" and a "indictment number" from an alleged sex crime Plaintiff committed in August 2004, into Plaintiff's record "without any notice or court hearing."  Compl. at 4.  The complaint requests monetary damages, as well as declaratory relief.  Compl. at 6.

### Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

---

[5] S.C. Code Ann. § 23-3-430(C)(15) and (16) defines an offender subject to the Act as a person "convicted of, pled guilty or nolo contendere to, or been adjudicated delinquent" for "kidnapping" in specific circumstances.

4

committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim under § 1983 against the named defendants. The complaint makes reference to "Defendant Samuel B. Glover's agency" and "Defendant Robert M. Steward's agency" so it appears Plaintiff may be suing the named defendants in their official capacities as directors of state agencies. A state and its officials acting in their official capacities are not "persons" for purposes of suit under § 1983. *Will v. Michigan Dept. of State Police*, 491 US 58, 70 (1989).

In as much as Plaintiff sues the named defendants in their supervisory capacity, the complaint also fails to state a claim under § 1983. It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the official's actions which violate constitutional rights. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). The plaintiff makes no factual allegations against the Defendants Glover and Steward to indicate their authorization or indifference as supervisors to violation of Plaintiff's federal rights.

The complaint's general claim of rights being violated in reference to denial of a parole hearing and placement on the state sex offender's registry do not state allegations specific to the named defendants. As the Defendants are not alleged to be personally

5

involved, liability under § 1983 may not be imposed upon them. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1999) ("Liability under § 1983 must be based on the personal involvement of the defendant."). Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). The complaint does not contain factual allegations identifying the particular conduct of the named defendants that is alleged to have harmed Plaintiff. While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Bell Atlantic Corp. v. Twombly*, _ U.S. _, 127 S. Ct. 1955, 1965 n.3 (2007).

The complaint's allegations against Defendant John or Jane Doe do not state a claim under § 1983. The complaint alleges an unknown defendant placed inaccurate information, either intentionally or negligently, in Plaintiff's record. Inaccuracies in a record kept by a state agency generally is a matter of state law and no federal or constitutional right is implicated by such an allegation. Although Plaintiff states his "6th Amendment right to a trial" has been denied by the unknown defendant, Plaintiff's right to a trial is not triggered by placement of information in a state record. At most, a state law issue may be

6

raised, which is not subject to federal jurisdiction, except in limited circumstances not present in this case.[6]

Even if the complaint is amended to correct deficient allegations against the named defendants, the factual allegations do not present constitutional violations. A state inmate has no constitutionally protected right to parole release. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Federal courts must allow state parole authorities wide discretion. *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir.1977). Even if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure — at most, a statement of reasons for the denial of parole. *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir.1996). A federal court must not involve itself in the merits of either the state's parole statute or its individual parole decisions. *Id.*

Similarly, the Ex Post Facto Clause has not been violated by application of the South Carolina Sex Offender Registry Act, S. C. Code Ann. § 23-3-400, *et seq*., to the Plaintiff in this case. The Ex Post Facto Clause only applies to "penal statues which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990). The South Carolina Supreme Court has held the Ex Post Facto Clause of the United States Constitution is not violated by certain reporting provisions of the South Carolina Sex

---

[6] State law claims can be brought in federal court if diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a), which requires complete diversity of parties in a case. Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). This case lacks complete diversity of parties. State law claims can also be considered through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal law claims. 28 U.S.C. § 1367(a); *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). As discussed herein, Plaintiff has not stated a viable federal claim to which a state claim could attach. Title 28 U.S.C. § 1367(a) requires state claims to be "so related" to the federal claims "that they form part of the same case or controversy."

Offender Registry Act, noting that the statute was not intended to punish, thus not penal, but to assist the government in protecting the public and solving crimes. *State v. Walls*, 348 S.C. 26, 558 S.E.2d 524, 526 (2002). The complaint fails to state a claim for violation of the Ex Post Facto Clause in this case. The complaint fails to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

s/William M. Catoe
United States Magistrate Judge

February 25, 2008
Greenville, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).