IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dwayne Williams, #210460 ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Samuel B. Glover; Robert M. Steward; ) <br> John or Jane Doe, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No.: 6:07-3992-TLW-WMC |

# ORDER

Plaintiff, Dwayne Williams ("plaintiff"), brought this civil action, *pro se*, pursuant to 42 U.S.C. § 1983 on December 18, 2007. (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge William M. Catoe to whom this case had previously been assigned. (Doc. #9). In the Report, the Magistrate Judge recommends that the District Court dismiss the complaint without prejudice and without issuance and service of process. (Doc. #9). The plaintiff filed objections to the report. (Doc. #10). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #9).

The District Court notes that the plaintiff filed an Amended Complaint simultaneously with his objections to the Report on March 14, 2008. (Doc. #11). In the Amended Complaint, the plaintiff expressly notes that the defendants are being sued in their "individual capacities." (Doc. #11). However, the Amended Complaint is also subject to summary dismissal.

The plaintiff's claims against defendant John or Jane Doe for allegedly placing inaccurate information into plaintiff's state record are not actionable, as plead, under 42 U.S.C. § 1983, regardless of whether these defendants are sued in their official or individual capacities.

In addition, the plaintiff's claims against Robert M. Steward relating to the State of South Carolina's decision not to provide the plaintiff with a parole hearing are not actionable merely because the plaintiff has specifically noted that defendant Steward is being sued in his individual capacity. As the Fourth Circuit noted in Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996), even when a parole statute establishes a liberty interest, "inmates are entitled to no more than minimal procedure." The plaintiff has not provided sufficient factual allegations to justify this Court's examination of individual state parole decisions by state officials.

Finally, the plaintiff's claims against defendant Samuel B. Glover for violations of the ex post facto clause in reference to the plaintiff being required to register as a sex offender in South

Carolina are without merit whether defendant Glover is sued in his official or individual capacity. As noted in State v. Walls, 558 S.E.2d 524, 526, 348 S.C. 26, 31 (2002), the South Carolina Sex Offender Registry Act is not a penal statute which violates the ex post facto clause of either the South Carolina or the United States Constitutions.

Therefore, for the reasons articulated by the Magistrate Judge, and the reasons stated herein, this action is **HEREBY DISMISSED**, without prejudice and without issuance and service of process on the defendants.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

January 16, 2008
Florence, South Carolina